**E-FILED**
Thursday, 27 May, 2010 04:06:48 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | | |
|---|---|---|
| ERIC ALVARADO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-cv-1133 |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**O P I N I O N and O R D E R**

Before the Court is the Motion to Proceed in forma pauperis (Doc. 2) and the Motion for Appointment of Counsel (Doc. 3) filed by Plaintiff. The Motion to Proceed in forma pauperis is GRANTED and the Motion for Appointment of Counsel is DENIED WITHOUT PREJUDICE.

Title 28 U.S.C. § 1915 provides that a person may initiate a civil lawsuit without prepayment of fees if that person is financially unable to pay the costs of suit. In his in forma pauperis petition, Plaintiff states that he is not employed, that he has no checking or savings account, and that he owns no assets. Plaintiff further avers that his brother pays his bills for him and that he is living with his brother while his application for benefits is under review. As such, this Court finds that Plaintiff cannot pay the $350.00 filing fee.

Civil litigants are not entitled to a court appointed attorney. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). However, the Court may request an

attorney to represent an indigent litigant. 28 U.S.C. §1915(e)(1). Prior to such a request, a litigant must show that he made a reasonable attempt to acquire counsel without Court intervention. *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). After a litigant has made such an attempt, the Court considers whether "given the difficulty of the case, d[oes] the plaintiff appear to be competent to try it himself, and, if not, would the presence of counsel [] [make] a difference in the outcome?" *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993); *See also Gil v. Reed*, 381 F.3d 649, 656-657 (7th Cir. 2004).

Plaintiff has made a reasonable attempt to locate an attorney who would assist him in the prosecution of his case. He has submitted, along with his Motion, letters from Prairie State Legal Services, IllinoisLawyerFinder.com, and attorney Harry Williams, and handwritten documents that appear to be a list of attorneys that Plaintiff contacted for representation (who all have declined). Plaintiff also has submitted a type-written letter outlining his efforts and also stating that his friend has been assisting him in preparing documents filed with the Court.

Nonetheless, this Court finds that Plaintiff appears to be competent to try this matter himself. Plaintiff should be fully familiar with his medical records and the proceedings at the agency level. Plaintiff also has submitted documents and made requests of this Court that demonstrate his ability to read, write, and understand English. As such, an attorney will not be appointed at this time. Once the administrative record is filed and the issues become clear, however, the Court may reconsider this ruling upon timely motion by Plaintiff.

Plaintiff is informed that once service upon Defendant is accomplished, the administrative record in his case will be filed with the Clerk's office. Once it has been filed, Plaintiff will be required to file a:

> Motion for Summary Judgment and Memorandum of Law which shall state with particularity which findings of the Commissioner are contrary to law. The plaintiff shall identify the statue, regulation or case law under which the Commissioner allegedly erred. The plaintiff shall cite to the record by page number the factual evidence which supports the plaintiff's position. Arguing generally, 'the decision of the Commissioner is not supported by substantial evidence' is not sufficient to meet this rule. Local Rule 8.1(D).

Thereafter, the Commissioner will file its own Cross-Motion for Summary Judgment

IT IS THEREFORE ORDERED that Plaintiff's Motion to Proceed in forma pauperis is GRANTED (Doc. 2). The Clerk shall deliver three copies, along with summons, to the United States Marshal who is directed to serve it on Defendant in accordance with Federal Rule of Civil Procedure 4(i).

IT IS FURTHER ORDERED that Plaintiff's Motion to Appoint Counsel is DENIED WITHOUT PREJUDICE.

Entered this 27th day of May, 2010

s/ Joe B. McDade
JOE BILLY MCDADE
Senior United States District Judge